[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10492
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00451-ELR-JSA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDD JASON HUGHES,

Defendant-Appellant.


_____

No. 19-10980
Non-Argument Calendar
_____

D.C. Docket No.  1:16-cr-00451-ELR-JSA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDD JASON HUGHES,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(March 24, 2020)

Before WILLIAM PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Edd Jason Hughes appeals his conviction for possession of a firearm in the furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). He argues that the district court erred in denying his motion to dismiss his indictment because the successive prosecutions of his crimes by the State of Georgia and the United States, after conducting a joint investigation, violated the Double Jeopardy Clause. We affirm.

The Double Jeopardy Clause of the Fifth Amendment provides that no person may "be twice put in jeopardy of life or limb" "for the same offense." U.S. Const. amend. V; *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1360 (11th Cir. 1994). But under the dual-sovereignty doctrine, a defendant may be subject to successive prosecutions by two sovereigns for the violation of each of their laws if

2

his conduct gives rise to two separate offenses. *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1867 (2016). Because states and the federal governments are separate sovereigns, a prior state conviction does not bar the federal government from prosecuting a defendant for the same conduct. *Abbate v. United States*, 359 U.S. 187, 194-95 (1959). In *Gamble v. United States*, the Supreme Court reaffirmed the dual-sovereignty doctrine on the ground that "where there are two sovereigns, there are two laws, and two 'offences.'" 139 S. Ct. 1960, 1965 (2019).

In *Baptista-Rodriguez*, we rejected an argument that one sovereign's control over the investigation of another provides an exception to the dual-sovereignty doctrine for a sham prosecution:

> Every sovereign has the inherent power to determine what shall be an offense against its authority and to punish such offenses. This power is manifested principally through the decision to prosecute—the choice to charge suspected criminals with commission of a crime and to pursue the legal process for obtaining convictions against them. To be sure, investigation and apprehension usually are necessary predicates to the punishment of criminals. But prosecution is the formal act by which the government seeks that punishment. Independent sovereigns do not forfeit their right to charge and punish violations of their own laws because some other sovereign had the resources and separate interest to investigate the crimes and expose the criminals.

17 F.3d at 1361–62 (citations omitted). We explained that, even if such an exception existed, it would require "a showing that one sovereign controlled, dominated, or manipulated the *prosecution* of the defendant by the other." *Id.* at 1362 (emphasis in original).

The district court did not err in denying Hughes's motion to dismiss his indictment. As the Supreme Court made clear last year in *Gamble*, Hughes's prosecution by the federal government, after he was convicted and sentenced in Fulton County, Georgia, for the same conduct, did not violate the Double Jeopardy Clause. His successive prosecutions were permissible under the dual-sovereignty doctrine. And Hughes's argument that the doctrine is inapplicable because federal officials participated in an earlier joint investigation with state officials is foreclosed by precedent.

**AFFIRMED.**